IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILFRED L. LEE JR.,<br><br>Plaintiff,<br><br>vs.<br><br>RISING PHOENIX HOLDINGS CORP., ET AL.,<br><br>Defendants. | CIVIL NO. 25-00083 DKW-RT<br><br>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

TABLE OF CONTENTS

I. INTRODUCTION ........................................................................ 1

II. FACTUAL BACKGROUND ........................................................... 2

A. Lee's Employment ............................................................ 2

B. Lee's Attempt to Exhaust His Administrative Remedies .................... 3

1. EEOC Against Some Defendants ............................................ 3

2. FEMA OCR ........................................................................ 4

III. LEGAL STANDARD ...................................................................... 4

IV. THE COURT LACKS JURISDICTION OVER DHS ................................ 5

A. DHS Did Not Employ Lee ...................................................... 5

B. Lee Failed to Exhaust His Administrative Remedies ........................ 9

C. The ADA Does Not Apply to the Federal Government ..................... 11

D. Section 1981 Does Not Apply to the Federal Government. ............... 12

V. CONCLUSION ............................................................................ 14

# TABLE OF AUTHORITIES


Cases — Page(s)

*Aquino v. Mayorkas*,
No. 20-55783, 2022 WL 18919 (9th Cir. Jan. 3, 2022) .......... 10

*Boyd v. U.S. Postal Serv.*,
752 F.2d 410 (9th Cir. 1985) .......... 11

*Brown v. Gen. Servs. Admin.*,
425 U.S. 820 (1976) .......... 10

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) .......... 5

*Equal Emp. Opportunity Comm'n v. Global Horizons, Inc.*,
915 F.3d 631 (9th Cir. 2019) .......... 6, 7

*F.D.I.C. v. Meyer*,
510 U.S. 471 (1994) .......... 5

*Gammon v. Wright*,
No. 24-CV-05001-JSW, 2025 WL 689236 (N.D. Cal. Mar. 4, 2025) .......... 5, 7, 9

*Jass v. CherryRoad Techs., Inc.*,
449 F. Supp. 3d 923 (D. Haw. 2020) .......... 10

*Josephs v. Pacific Bell*,
443 F.3d 1050 (9th Cir. 2006) .......... 9

*Leong v. Potter*,
347 F.3d 1117 (9th Cir. 2003) .......... 10, 12

*Lyons v. England*,
307 F.3d 1092 (9th Cir. 2002) .......... 9, 10

*Magassa v. Mayorkas*,
52 F.4th 1156 (9th Cir. 2022) .......... 5, 12, 13

Cases Page(s)

*Nationwide Mut. Ins. Co v. Darden*,
503 U.S. 318 (2003) ... 7

*Scott v. Gino Morena Enters.*, LLC,
888 F.3d 1101 (9th Cir. 2018) ... 10

*St. Clair v. City of Chico*,
880 F.2d 199 (9th Cir. 1989) ... 5

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ... 4

*Vinieratos v. U.S., Dep't of Air Force Through Aldridge*,
939 F.2d 762 (9th Cir. 1991) ... 9

*Zimmerman v. Oregon Dep't of Justice*,
170 F.3d 1169 (9th Cir. 1999) ... 11

Statutes

29 U.S.C. § 791 ... 11

42 U.S.C. § 12101, *et seq*. ... passim

42 U.S.C. § 12111(2) ... 1, 6

42 U.S.C. § 12111(4) ... 6

42 U.S.C. § 12111(5) ... 6

42 U.S.C. § 12111(5)(B)(i) ... 11

42 U.S.C. § 12112(a) ... 6

42 U.S.C. § 1981 ... passim

42 U.S.C. § 1981(c) ... 12

42 U.S.C. § 2000e-16(a) ... 6

Statutes Page(s)

42 U.S.C. § 2000e-2(a) ....................1

42 U.S.C. § 2000e-5(e)(1)....................10

42 U.S.C. § 2000e-5(f)(1) ....................10

42 U.S.C. §§ 2000e, *et seq*. .................... passim

Rules

Fed. R. Civ. P. 12(b)(1).................... 2, 4, 14

Regulations

29 C.F.R. § 1614.105(a)(1) ....................10

29 C.F.R. § 1614.107(a)(1) ....................4

## MEMORANDUM IN SUPPORT OF MOTION

### I. INTRODUCTION

Plaintiff Wilfred L. Lee Jr. alleges that Defendants Rising Phoenix Holdings Corporation, Tidal Basin Group, TB Customer Relations, LLC, several of their employees (collectively referred to as "Tidal Basin"), and Kristi Noem[1], Secretary of the Department of Homeland Security ("DHS") unlawfully discriminated and retaliated against him in violation of three different statutes. *See* First Amended Complaint, ("FAC") [ECF No. 13]. His seven claims against DHS, alphabetically listed, can be grouped as follows:

- A and B (FAC at ¶¶ 45–67): disability discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a) ("ADA");
- C, D, and E (FAC at ¶¶ 68–141): Discrimination based on race and gender and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"); and
- F and G (FAC at ¶¶ 142–179): racial discrimination and retaliation in violation of 42 U.S.C. § 1981.

[1] Lee sued Alejandro Mayorkas, Secretary of the Department of Homeland Security, but Kristi Noem automatically replaced him effective January 25, 2025.

Lee has failed to plead facts, however, that would confer jurisdiction over DHS under the ADA, Title VII, and 42 U.S.C. § 1981. All claims against DHS must be dismissed for three reasons. First, as set forth repeatedly in the FAC, DHS did not employ Lee, but Tidal Basin did. Second, even if Lee did allege that DHS employed him, he did not exhaust his administrative remedies because his contact with a DHS EEO counselor was 200 days after the 45-day deadline. Finally, the ADA's employment discrimination provisions and 42 U.S.C. § 1981 do not apply to the federal government. Thus, the Court should dismiss the allegations against DHS under Fed. R. Civ. P. Rule 12(b)(1).

## II. FACTUAL BACKGROUND

### A. Lee's Employment

On or about August 28, 2023, Tidal Basin hired Lee as a Temporary Supervisor for the Maui Wildfires Survivor Contact Center and debris removal operations. FAC at ¶ 29. His duties included remotely supervising Tidal Basin contact center agents based in Hawaii and remotely supervising AppleOne agents located in Miami, Florida. *Id*. As a Temporary Supervisor, Lee reported to Traci Thompson. *Id.* at ¶ 35. Thompson was employed by Rising Phoenix Holdings Corporation and/or Tidal Basin Group. *Id.* at ¶ 19.

On October 31, 2023, Lee notified Thompson and others at Tidal Basin of his "vision-related medical condition" and requested a reasonable accommodation.

*Id.* at ¶ 45. Lee alleges that Tidal Basin failed to engage in the mandatory interactive process and denied his reasonable accommodation request. *Id.* at ¶ 49. Lee then reported racial discrimination by a Tidal Basin supervisor to other Tidal Basin supervisors on November 30, 2023. *Id.* at ¶ 78.

On December 1, 2023, Tidal Basin allegedly suspended Lee for timekeeping discrepancies and complaints by agents. *Id.* at ¶ 51, 80. Tidal Basin then allegedly lifted the suspension but demoted Lee from Temporary Supervisor to Contact Center Agent. *Id.* at ¶ 54. After allegedly taking several retaliatory actions, on January 4, 2024, Tidal Basin terminated Lee's employment on January 4, 2024. *Id.* at ¶¶ 60, 85.

Lee repeats various versions of these allegations throughout the FAC, in support of all seven of his claims for relief. *See e.g.* FAC at ¶¶ 109, 127, 145, 148, 150, 156, 157, 170, 174, 176, and 180. Notably absent from Lee's FAC, however, is any identification of a DHS employee or supervisor.

**B. Lee's Attempt to Exhaust His Administrative Remedies**

1. EEOC Against Some Defendants

On November 21, 2023, Lee filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against unnamed defendants. FAC at ¶ 9. On January 30, 2025, the EEOC issued a Dismissal and Notice of Rights, which notified Lee that his right to file a lawsuit in federal or state court

expires within 90 days of receiving the Dismissal and Notice of Rights. FAC Ex. A at 1, ECF No. 13-1.

2. FEMA OCR

On September 5, 2024, Lee contacted the Office of Civil Rights ("OCR") of the Federal Emergency Management Agency ("FEMA"), a component of DHS, to discuss his complaint with an EEO counselor. FAC at ¶ 12, Ex. A at 2. On October 10, 2024, FEMA OCR issued Lee a Notice of Right to File a Formal Complaint. FAC, Ex. A at 3. On October 26, 2024, Lee submitted his Formal Complaint of discrimination to OCR. *Id.* On December 5, 2024, FEMA OCR sent the DHS Civil Rights and Civil Liberties Office ("CRCL") a request for a procedural dismissal of Lee's Formal Complaint. *Id.* On December 10, 2024, CRCL procedurally dismissed Lee's Formal Complaint for failure to state claim under 29 C.F.R. § 1614.107(a)(1), finding that he failed to show FEMA "exercised any control over his position to qualify as a joint employer." *Id.* at 2 and 4.

## III. LEGAL STANDARD

The Court must determine whether it has jurisdiction before addressing the merits of a claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 104 (1998). Federal Rule of Civil Procedure 12(b)(1) enables the Court to dismiss complaints lacking subject-matter jurisdiction. To survive a defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff has

the burden of proving subject matter exists. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Dismissal with prejudice is appropriate when a complaint cannot be saved by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV. THE COURT LACKS JURISDICTION OVER DHS

The Court lacks jurisdiction over claims against the Federal Government and its agencies, unless the government has waived sovereign immunity. *Magassa v. Mayorkas*, 52 F.4th 1156, 1161–62 (9th Cir. 2022) (The United States, as sovereign, is immune from suit unless it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.) (internal citations and quotations omitted); *Gammon v. Wright*, No. 24-CV-05001-JSW, 2025 WL 689236, at *2 (N.D. Cal. Mar. 4, 2025) (citing to *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)). The government has only waived its sovereign immunity under Title VII and the ADA for claims by its employees, after the employees have exhausted their administrative remedies, neither of which are alleged by Lee. And neither the ADA nor § 1981 waive the federal government’s sovereign immunity.

### A. DHS Did Not Employ Lee

To maintain the ADA and Title VII employment discrimination and retaliation claims against DHS set forth in A–E, Lee must have an employment

relationship with DHS. 42 U.S.C. §§ 2000e-16(a); 12111(2), (4)–(5); 12112(a). However, Lee repeatedly and fatally states that **Tidal Basin**, not DHS, employed him to work at the Maui Wildfire Survivor Contact Center, and it was **Tidal Basin** employees who supervised him, demoted him, and terminated him. *See* FAC ¶¶ 29, 30, 43, 54, 85, 109, 144, 145, 156, 163 170, and 176.

Lee does not even allege that DHS jointly employed him with Tidal Basin. Indeed, even if a direct employment relationship does not exist, a plaintiff may have an employment relationship with more than one employer if he can establish joint employment. *Equal Emp. Opportunity Comm'n v. Global Horizons, Inc.*, 915 F.3d 631, 637 (9th Cir. 2019). To determine whether a federal government employer is a joint employer, courts apply the common law agency test, which requires considering a series of factors, including: (1) the skill required; (2) the source of the instrumentalities and tools; (3) the location of the work; (4) the duration of the relationship between the parties; (5) whether the hiring party has the right to assign additional projects to the hired party; (6) the extent of the hired party's discretion over when and how long to work; (7) the method of payment; (8) the hired party's role in hiring and paying assistants; (9) whether the work is part of the regular business of the hiring party; (10) whether the hiring party is in business; (11) the provision of employee benefits; and (12) the tax treatment of the hired

party. *Id.* at 637–38 (citing factors from *Nationwide Mut. Ins. Co v. Darden*, 503 U.S. 318, 323–34 (2003)).

The U.S. District Court for the Northern District of California recently addressed a similar case involving a plaintiff's allegations that the Department of Energy ("DOE"), through its component National Nuclear Security Administration ("NNSA"), and a federal contractor jointly employed him. *Gammon* at *5–6. In *Gammon*, the plaintiff alleged that the contractor "receive[d] directions through" the DOE and NNSA, the DOE issued clearances for the contractor's employees, the NNSA directed what projects were needed by the Department of Defense, and the NNSA provided funds for the contractor to conduct audits. *Id.* at *2. Citing the *Darden* factors, the court found that those facts were insufficient to plead that either DOE or NNSA was his employer "joint or otherwise" and dismissed the case for lack of jurisdiction. *Id.*

Here, Lee did not specifically plead, and his allegations cannot be construed as, those of joint employment. In discussing his employment status in the FAC at, for example, ¶¶ 29–30, 32, 33, 35, 45, 59, 68, 69, 70, 85, 109, 110, 127, 144, 145, 150, 156, 157, 163, 170, 174, 176, and 180, Lee does not come close to satisfying the *Darden* factors. He does not allege he worked at a DHS location, that DHS provided him any work-related tools, had the right to assign him work or had any discretion over his work such as by supervising him or performing evaluations, or

paid him, or provided him employee benefits. In fact, Lee states that Tidal Basin employed him, he worked remotely, Tidal Basin assigned him tasks and supervised him, he notified Tidal Basin of an eye condition, he submitted a reasonable accommodation request to Tidal Basin, he reported discrimination and made workplace complaints directly to Tidal Basin, and Tidal Basin disciplined him. *Id.* Lee *only* points to Tidal Basin employees as the individuals who issued workplace guidance, assigned and scrutinized his work, enforced timekeeping policies, and suspended, demoted, then ultimately terminated him. *Id.* at ¶¶ 52–57, 68–104. Lee never mentions DHS or any DHS employees as a responsible party in any of his specific factual allegations.

Lee only vaguely mentions DHS three times in his 194 paragraph FAC. First, he alleges that DHS "oversees FEMA contractors and subcontractors and provides workplace discrimination direction to Defendants on non-discrimination in Federal Contracting." FAC at ¶ 21. Second, he alleges that DHS "was responsible for overseeing federal contracts and funding related to the employment of Plaintiff and failed to prevent racial discrimination in DHS-funded disaster relief work." *Id.* at ¶ 158. And then almost as an afterthought, in the "conclusion" section, Lee alleges that FEMA oversaw Tidal Basin and was aware of staffing decisions affecting him. *Id.* at ¶ 190. Together, these paragraphs provide conclusory allegations that DHS oversees FEMA contractors and funding related

to Lee's employment, provides these contractors with workplace discrimination guidance, and failed to prevent racial discrimination in DHS-funded disaster relief work. These broad conclusory allegations are insufficient under *Darden* to establish that DHS employed Lee. Even if he did allege joint employment in the FAC, Lee supplied fewer facts than Gammon and therefore fails to plead sufficient facts for DHS to be a joint employer. *See Gammon* at *5–6.

Because DHS did not employ Lee, the Court should dismiss Lee's ADA and Title VII claims for lack of jurisdiction. Dismissal should be with prejudice, because based on the repeated and clear allegations in the FAC, Lee will not be able to provide anything other than conclusory allegations in the hopes of overcoming another motion to dismiss.

**B. Lee Failed to Exhaust His Administrative Remedies**

Assuming without conceding that Lee can overcome his failure to plead that DHS was his employer, his ADA and Title VII claims still fail because he did not exhaust his administrative remedies. To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of ADA and Title VII claims. *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002); *Josephs v. Pacific Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006); *Vinieratos v. U.S., Dep't of Air Force Through Aldridge*, 939 F.2d 762, 767–68 (9th Cir. 1991) (citing to *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832

(1976); *Jass v. CherryRoad Techs., Inc.*, 449 F. Supp. 3d 923, 933 (D. Haw. 2020) (citing to 42 U.S.C. § 2000e-5(e)(1), (f)(1); *Scott v. Gino Morena Enters.*, LLC, 888 F.3d 1101, 1104, 1106 (9th Cir. 2018)).

Under the applicable regulation, an aggrieved person must initiate contact with an EEO Counselor at the federal agency within 45 days of the alleged discriminatory conduct or, if the claim involves a personnel action, within 45 days of the effective date of the action. 29 C.F.R. § 1614.105(a)(1). "Failure to comply with this regulation is fatal to a federal employee's discrimination claim." *Aquino v. Mayorkas*, No. 20-55783, 2022 WL 18919, at *1 (9th Cir. Jan. 3, 2022) (internal quotations omitted); *Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002); *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). An employment discrimination claim accrues upon actual or constructive "awareness of the adverse employment action." *Aquino*, at *1.

As plainly set forth in the FAC, Lee failed to exhaust administrative remedies for his claims against DHS. He alleges that Tidal Basin terminated him on January 4, 2024 – the last possible date for the allegedly discriminatory conduct. *See* ¶ 85. Under Section 1614.105(a)(1)'s 45-day deadline, Lee was required to contact a DHS EEO Counselor no later than February 18, 2024. However, Lee admits that he first made EEO contact on September 5, 2024 – 200 days after the February 18, 2024, deadline. FAC at ¶ 12, Ex. A at 2. Additionally,

while Lee raised claims of discrimination based on race, sex, and reprisal, he did not raise disability discrimination or failure to accommodate during EEO counseling or in his Formal Complaint. *Id.*

Because Lee admittedly failed to exhaust administrative remedies for his ADA and Title VII claims (Claims A–E), the Court lacks subject matter jurisdiction over them, and they should be dismissed. Dismissal should be with prejudice, because amendment would be futile – Lee can plead no new facts that could overcome his delay in contacting the EEO counselor.

**C. The ADA Does Not Apply to the Federal Government**

Again, assuming without conceding that Lee properly alleged DHS employed him, and that he exhausted his administrative remedies, his claims under the ADA (Claims A and B) *still* fail. The ADA, at 42 U.S.C. § 12111(5)(B)(i), specifically provides that the term "employer" does not include the "United States." *Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1172 (9th Cir. 1999) (recognizing that Congress exempted federal government employers from liability pursuant to the ADA's employment discrimination provisions); *see also Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413 (9th Cir. 1985) (Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, provides the exclusive remedy for federal employees claiming disability-based discrimination). Thus, the Court should dismiss Lee's ADA claims against DHS.

Dismissal should be with prejudice, because even if leave to amend were granted, and Lee properly pled a Rehabilitation Act claim, he still failed to exhaust the requisite administrative remedies as discussed above. *See Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (the district court properly dismissed a complaint for lack of subject matter jurisdiction where a plaintiff failed to exhaust his administrative remedies before pursuing his Rehabilitation Act claim.)

**D. Section 1981 Does Not Apply to the Federal Government.**

In Claims F and G, Lee contends that DHS is liable under 42 U.S.C. §1981, which protects individuals from race discrimination and retaliation when making and enforcing contracts. FAC at 1 at ¶¶ 143, 158, and 168. Section 1981(c) provides: "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). In *Magassa v. Mayorkas*, 52 F.4th 1156, 1159 (9th Cir. 2022), the court found that individuals sued in their individual (as opposed to official) capacities for violations of state law could be sued under § 1981, but that the "plain text of the statute establishes that § 1981 does not provide a cause of action for discrimination by federal officials acting under color of federal law." *Id.* at 1163.

In his FAC, Lee does not include any claims based on violations of state law, nor does he identify any federal employee acting in his individual capacity who violated said rights. Although he includes the Secretary of the Department of

Homeland Security in the introductory paragraphs of his two § 1981 claims, the allegations that follow are completely void of any reference to him as an individual who violated any state laws. *See* FAC at ¶¶ 143–179. Thus, based on the plain text of the statute and *Magassa*, the Court should dismiss Lee's § 1981 claims against DHS. Dismissal should be with prejudice, because based on the repeated and specific allegations against named Tidal Basin employees coupled with the absence of any DHS employee, Lee will not be able to provide anything other than conclusory allegations in the hopes of overcoming another motion to dismiss.

//

//

//

//

//

//

//

//

//

//

//

//

## V. CONCLUSION

DHS respectfully requests the Court dismiss this matter because it lacks jurisdiction over DHS. DHS did not employ Lee, either jointly or directly. Even if he sufficiently met the employment requirement, Lee failed to exhaust his administrative remedies. Finally, the relevant portions of the ADA and 42 U.S.C. § 1981 explicitly exclude the federal government from their reaches. Therefore, the Court should dismiss all allegations against DHS under Rule 12(b)(1).

DATED: May 15, 2025, at Honolulu, Hawaii.

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

/s/ Dana A. Barbata
By________________________
DANA A. BARBATA
Assistant U.S. Attorney

Attorneys for Defendant
KRISTI NOEM, SECRETARY, DEPARTMENT OF HOMELAND SECURITY