no wet signature    CC. Filer,
SASP

Wilfred L. Lee Jr.
Pro Se
P.O Box 394
Jonesboro, GA 30237
leewilfred2011@gmail.com

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 10 2025    RR

at 3 o'clock and 00 min. P M
Lucy H. Carrillo, Clerk

# United States District Court

## for the

## District of Hawaii

| | |
|---|---|
| Wilfred L. Lee Jr. | ) **Case No. CV 25-00083-DKW-RT** |
| | ) |
| Pro Se Plaintiff | ) **PLAINTIFF'S** |
| | ) **SECOND AMENDED COMPLAINT FOR** |
| v.s | ) **ADA DISCRIMINATION,** |
| | ) **ADA RETALIATION,** |
| Rising Phoenix Holdings Corporation, | ) **TITLE VII RETALIATION,** |
| TB Customer Relations, LLC., | ) **42 USC 1981 RETALIATION** |
| Brooke Fisher, Melissa Burke, | ) |
| Jane Does #1-5 | ) **Jury Trial Demand** |
| | ) |
| Defendant (s) | ) |
| _____ | ) |

**COMPLIANCE WITH COURT'S PRIOR DISMISSAL ORDER**

1. This Second Amended Complaint ("SAC") is filed pursuant to the Court's October 27, 2025 Order granting Plaintiff leave to amend. Plaintiff has revised this pleading to address the specific deficiencies identified by the Court, including (1) providing factual detail concerning the conduct of each Corporate Defendants, Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC.; (2) identifying the personal involvement of Individual Defendants, Defendant Brooke Fisher and Defendant Melissa Burke in the adverse actions alleged; (3) describing with specificity Plaintiff's ADA accommodation request, (to utilize the Microsoft Teams mobile application to conduct virtual meetings and monitor agents Microsoft Teams mobile application) and the ensuing denial; and (4) alleging sufficient facts to establish "but-for" causation as required under the ADA, Title VII, and 42 U.S.C. § 1981.

## 1. INTRODUCTION

2. This action arises from the demotion of Plaintiff Wilfred L. Lee, Jr. from a supervisory position to a contact center agent, which is the central adverse employment action in this case. The demotion of Plaintiff from Supervisor to Contact Center Agent, actually occurred and was carried out by Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC, under the supervision and approval of Defendant Brooke Fisher and Defendant Melissa Burke. Plaintiff engaged in protected activities, including requesting reasonable accommodations, to utilize the Microsoft Teams mobile application to conduct virtual meetings and monitor agents and filing two internal disability and race complaints and EEOC discrimination complaints. Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC., actions were taken in direct response to these protected activities. This complaint seeks relief for the demotion and related unlawful conduct, and ask the Court to demand any motion to dismiss will require Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC to directly address whether Plaintiff was demoted, as this is the core factual and legal dispute in the case.

## 2. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as the claims arise under federal law, including the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. The Court has supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the District of Hawaii, and Defendant Rising Phoenix Holdings Corporation, Defendant TB Customer Relations, LLC., conduct business and employ Plaintiff Wilfred L. Lee Jr. and individual Defendant Brooke Fisher and Defendant Melissa Burke in this district.

## 3. PARTIES

5. **Plaintiff Wilfred L. Lee, Jr. ("Plaintiff")** is a former employee of Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC, and a resident of the State of Hawaii. At all times relevant, Plaintiff performed services for Defendants in connection with federal disaster recovery operations in the city of Maui, Hawaii in 2023.

6. **Defendant Rising Phoenix Holdings Corporation ("RPHC")** is a Delaware corporation authorized to do business in the State of Hawaii. Defendant Rising Phoenix Holdings Corporation is the parent or controlling entity of Defendant TB Customer Relations, LLC, and exercises centralized control over its labor relations, policies, and human resources functions.

7. **Defendant TB Customer Relations, LLC ("TBCR")** is a limited liability company affiliated with Rising Phoenix Holdings Corporation and operates under its management and control in the provision of disaster assistance services. Is a Delaware corporation authorized to do business in the State of Hawaii. At all relevant times, Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations (collectively, the "Corporate Defendants") operated as a single, integrated enterprise, jointly controlling Plaintiff's employment, discipline, and demotion. The Court has previously recognized that Plaintiff "appears to assert that his claims all stem from conduct that TBCR and RPHC undertook jointly," and accordingly treated Plaintiff's allegations as applying to both Corporate Defendants unless otherwise stated. (See *Order on Motion to Dismiss*, Dkt. No. 66,.). Plaintiff clarifies that Defendant TB Customer Relations, LLC functioned in the role previously described as Tidal Basin Group in the Court's prior order.

8. **Defendant Brooke Fisher ("Fisher")** is a resident of the State of Hawaii, at all relevant times, a former  supervisor who was later promoted to Project Manager for Defendant TB Customer Relations, LLC, and participated in the decisions related to Plaintiff's discipline and demotion.

9. **Defendant Melissa Burke ("Burke")** worked in the State of Hawaii, authorized to represent Defendants Rising Phoenix Holdings Corporation, was at all relevant times, a SHRM-certified Human Resources Manager and  Human Resources Director employed by Rising Phoenix Holdings Corporation, who participated in and ratified the decisions related to Plaintiff's suspension, reinstatement, and demotion.

10. **Defendant Jane Does 1-5** Plaintiff is currently unaware of the true identities and capacities of certain individuals who may have participated in the unlawful acts described in this Complaint. These unknown individuals are designated as Jane Does 1 through 5. Plaintiff will seek to identify these Defendants through discovery and, if necessary, will amend this Complaint to reflect their true names and capacities. Jane Does 1-5 are believed to have been involved in actions leading to Plaintiff's demotion, suspension, or termination, and/or the retaliation described herein.

## A. JOINT EMPLOYER AND INTEGRATED ENTERPRISE ALLEGATIONS

11. At all relevant times, Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC., maintained interrelated operations, including shared human resources staff, overlapping management, common employment policies, and unified decision-making regarding employee discipline, demotion, and accommodation requests.

12. Both Corporate Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC., jointly determined or ratified the actions that led to Plaintiff's suspension, alleged misconduct investigation, reinstatement, and ultimate demotion.

13. Defendant Brooke Fisher acted within the scope of their employment with Defendant TB Customer Relations, LLC., , and their decisions were subject to approval and coordination across both entities. Defendant Melissa Burke acted within the scope of their employment with Defendant Rising Phoenix Holdings Corporation.

14. Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC., jointly issued directives, processed payroll, handled accommodations, and maintained Plaintiff's personnel records, demonstrating centralized control of labor relations.

15. The Corporate Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC., presented themselves to Plaintiff as a unified employer, used the same internal systems, communication platforms, and branding, and made no distinction to Plaintiff or others regarding which corporate entity controlled his employment status.

16. As such, the Corporate Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC., are joint employers of Plaintiff and are jointly and severally liable for the disability and race discriminatory and retaliatory actions alleged herein.

4. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

17. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 21, 2023, assigned Charge No. 525-2024-00371, alleging discrimination based on disability and race, as well as retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA").

18. The EEOC charge expressly identified Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC as Respondents, and named Defendant Brooke Fisher (Plaintiff's direct supervisor) and Defendant Melissa Burke (Human Resources Manager) as individuals who participated in or approved the discriminatory and retaliatory conduct described in the charge.

19. The factual narrative within the EEOC charge detailed the same sequence of events alleged in this action, including Plaintiff's request for disability accommodation, subsequent suspension, demotion, following protected activity. Accordingly, the administrative charge and investigation encompass all factual bases for the ADA and Title VII claims, and are reasonably related to the 42 U.S.C. § 1981 retaliation claim asserted herein against the corporate defendants and individual defendants.

20. The EEOC investigated the charge, and the agency's FOIA File No. 480-2025-006390 confirms the scope of that investigation and includes responsive records exchanged between the EEOC and Defendants.

21. On January 30, 2025, the EEOC issued a Notice of Right to Sue, which Plaintiff received the same day (Right-to-Sue Notice, Exhibit A). Exhibit A also contains a true and correct copy of Plaintiff's original EEOC Charge No. 525-2024-00371.This action was filed within ninety (90) days of receipt of that notice.

22. Accordingly, all claims and all named defendants in this Second Amended Complaint are administratively exhausted under 42 U.S.C. § 2000e-5(f)(1) and 42 U.S.C. § 12117(a).

---

5. **FACTUAL ALLEGATIONS**

23. At all relevant times, the actions of Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC.  supervisors, managers, and human resources personnel—including but not limited to [Defendant Brooke Fisher (Project Manager) and Defendant Melissa Brooke (Human Resources Manager)]—were taken within the course and

scope of their employment and with the actual or constructive knowledge of the corporate
Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC.

24. Accordingly, the corporate Defendant Rising Phoenix Holdings Corporation and Defendant
TB Customer Relations, LLC., had actual and constructive notice of Plaintiff's protected
activities prior to his suspension on December 1, 2023, and demotion on December 8, 2023.

25. Notice to and knowledge of these individuals, Plaintiff, Defendant Brooke Fisher, Defendant
Melissa Burke, is imputed to Defendant Rising Phoenix Holdings Corporation and Defendant TB
Customer Relations, LLC. The corporate Defendant Rising Phoenix Holdings Corporation and
Defendant TB Customer Relations, LLC., therefore had actual notice of Plaintiff's protected
activity and disability prior to the adverse employment actions described herein.

26. On December 1, 2023, following Plaintiff's ADA accommodation request of November 7,
2023, to utilize the Microsoft Teams mobile application to conduct virtual meetings and monitor
agents and his internal discrimination complaints of disability and race discrimination on
November 21 and November 30, 2023, Defendant Brooke Fisher (Project Manager), who had
received and reviewed the ADA request, recommended Plaintiff's suspension on November 30,
2023, to Defendant TB Customer Relations, LLC., Human Resources partner Defendant Melissa
Burke, approved the suspension.

27. One week later, on December 8, 2023, Defendant Brooke Fisher, whom had prior notice of
Plaintiff's ADA request,  on November 7, 2023 and disability and race discrimination
complaints, on November 21, 30, 2023, with Defendant Melissa Burke whom had prior notice of
Plaintiff's ADA request and disability and race discrimination complaints on November 30,
2023, jointly recommended and approved Plaintiff's demotion from Supervisor to Contact
Center Agent on December 8, 2023.

28. These recommendation and approval for suspension and the recommendation and approval
for demotion, were made with full knowledge of Plaintiff's protected activities and were ratified
by Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations,
LLC, constituting retaliatory and discriminatory actions in violation of the ADA and 42 U.S.C. §
1981.

29. On or about August 28, 2023, Plaintiff Wilfred L. Lee, Jr. accepted a supervisory position
with Defendant TB Customer Relations, LLC., as memorialized in a written offer of employment
on Defendant Rising Phoenix Holdings Corporation letterhead (Exhibit B). The offer letter
confirmed Plaintiff's role as Contact Center Supervisor, reporting to management at Defendant
TB Customer Relations, LLC., with specified pay, benefits, and at-will employment status. The
letter further demonstrates that Defendant Rising Phoenix Holdings Corporation and Defendant
TB Customer Relations, LLC., jointly controlled Plaintiff's employment, including assignments,

policies, and adherence to company handbooks, supporting Plaintiff's allegations of a joint employer and integrated enterprise.

30. As a Supervisor of contact center agents for Defendant TB Customer Relations, LLC., Plaintiff's duties were entirely dependent on specific company-issued credentials and systems. These **essential tools** were critical for managing agents and maintaining regulatory compliance, and included: his Supervisor Microsoft Team**s** account for virtual meetings and agent monitoring; NICE CXone, which was mandatory for timekeeping, logging shift hours, and approving the timecards of his supervised agents; his dedicated TB Customer Relations, LLC email for all official communication; and a company-issued laptop with specific login credentials. The proper use and access to these systems were integral to his ability to perform the core functions of his job.

31. During the relevant period, Plaintiff's regular work schedule with Defendant TB Customer Relations, LLC. consisted of full-time shifts on Monday, Tuesday, Thursday, Friday, and Saturday, with regularly scheduled days off on Wednesday and Sunday. Plaintiff's assigned schedule remained consistent throughout his employment from September 2023 to December 2023 and established the normal framework for his daily supervisory duties and communications through their supervisor Microsoft Teams account.

32. Plaintiff's Qualification and Performance. Plaintiff was a qualified individual for the role of Contact Center Supervisor. At all times prior to his protected activity on November 7, 2023, Plaintiff performed the essential functions of his position satisfactorily and was in compliance with all attendance and company policies. Plaintiff was never issued any formal verbal or written warning regarding his job performance, conduct, or attendance, nor was he placed on a Performance Improvement Plan (PIP), by Defendant Brooke Fisher or Defendant Meslissa Burke prior to Plaintiff's December 8, 2023 demotion.

33. From September 2023 through December 9, 2023, Plaintiff was not placed on any Performance Improvement Plan (PIP) or subjected to progressive discipline related to performance, attendance, time-keeping, or supervisory conduct. Defendant TB Customer Relations, LLC., nevertheless skipped disciplinary steps one through three under their own progressive-discipline policy without providing any explanation for doing so.

34. At all relevant times, **all Contact Center Supervisors employed by Defendant TB Customer Relations, LLC reported directly to Defendant Brooke Fisher** who was promoted prior from temporary supervisor to Project Manager of the Hawaii Wildfires Project by Defendant TB Customer Relations, LLC., manager Traci Thompson.

35. Defendant Brooke Fisher exercised direct oversight over the supervisory team, including authority to assign work, evaluate performance, and recommend disciplinary or personnel

actions. Accordingly, the conduct and decisions attributed to Defendant TB Customer Relations, LLC were carried out under the management and supervision of Defendant Brooke Fisher.

36. During the relevant period, Defendant TB Customer Relations, LLC., own records show that other supervisors outside Plaintiff's protected class engaged in similar or more serious conduct but were treated more favorably. Specifically, Defendant TB Customer Relations, LLC., Supervisors Genierose Piho and Daphne Henion, both non-Black/non–African American employees of Defendant TB Customer Relations, LLC, reported to Defendant Brooke Fisher and Traci Thompson, and Defendant Melissa Burke, the same supervisory chain as Plaintiff, with the same employer as Plaintiff.

37. Between September 28, 2023, and December 1, 2023, Ms. Piho and Ms. Henion held the same job title and responsibilities as Plaintiff and used the same company time-tracking systems, including ORC, CXOne, and Microsoft Teams for communication.

38. As reflected in Exhibit J, on November 20, 2023, Defendant Brooke Fisher circulated an email where she states her acknowledging that, "upon reviewing timecards, we are noticing quite a few discrepancies between Supervisor ORC submissions, CXOne statuses, and Teams chat activity," and further stating, "if your presence on CXOne and Teams do not match your submitted time on ORC, your timecard will not be approved." These statements confirm that Defendant Brooke Fisher was aware that multiple supervisors—including Ms. Piho and Ms. Henion—had submitted inconsistent time records during the same audit period as Plaintiff, from September 28, 2023 through November 20, 2023.

39. Timecard Approval and Pretext Evidence. Plaintiff's supervisory role did not include the authority to approve his own time records. As confirmed by Defendant Brooke Fisher's November 20, 2023 email (Exhibit J), Defendant Brooke Fisher personally reviewed and had the sole authority to approve or reject supervisor timecards based on activity logs. Plaintiff's timecards were approved under this process and were never returned or questioned by Defendant Brooke Fisher or manager Traci Thompson, prior to his protected ADA activity. This fact directly rebuts any claim that Plaintiff was demoted due to self-approval of time.

40. In that same Exhibit J email message, Defendant Brooke Fisher also identified that supervisors Piho and Henion had been missing from work for periods in excess of two hours and were unreachable, by stating, "there have been too many instances where Agents are seeking information in a timely manner and are met with silence on the General chat on Teams."

41. "General Chat on Teams" also referred to as Microsoft Teams, refers to the company's internal Microsoft Teams messaging channel that functions as an open, shared communication thread for all members of a designated work group or department. Messages posted in the General Chat are visible to managers, supervisors, and team members simultaneously. In Plaintiff's department, this channel served as the primary method for supervisors to communicate

updates, assign work, and respond to questions in real time. It was also the forum where management announcements were issued and where Plaintiff interacted with subordinates and leadership daily. Therefore, activity or exclusion within the General Chat directly affected Plaintiff's ability to perform supervisory functions and to participate in team operations.

42. That email message (Exhibit J), demonstrates that Defendant Brooke Fisher and Traci Thompson had direct knowledge that both Ms. Piho and Ms. Henion were not only submitting inconsistent time records but were also frequently absent and unresponsive for 2 hours or more during work hours. And having performance issues as documented by the "General Chat on Teams".

43. Despite Defendant Brooke Fisher's and Ms. Thompson's knowledge, neither Ms. Piho nor Ms. Henion, were not disciplined, suspended, demoted. To the contrary, both received promotions to new supervisory positions titled, Right of Entry or ROE Supervisor, that had not been internally or externally posted and interviewed among a pool of candidates, and salary increases in the days following these acknowledged time discrepancies.

44. Contact Center Supervisors Ms. Piho and Ms. Henion of Defendant TB Customer Relations, LLC., who had not requested ADA accommodations continued in their supervisory roles without suspension or demotion or access to their employee supervisor systems deactivated, while employed. Despite performing substantially similar duties and having comparable workloads. These individuals retained access to their supervisory systems and responsibilities. This factual contrast shows that only Plaintiff—who had requested an ADA accommodation and submitted written complaints about discriminatory disability and race treatment—was, suspended, demoted from his role on December 9, 2023 and had their employee supervisor systems deactivated on December 9, 2023.

45. Plaintiff's Qualified Status and Corporate Notice. Plaintiff is a qualified individual with a disability, specifically Computer Vision Syndrome, which substantially limits his major life activity of working with computers. Plaintiff was qualified for his Contact Center Supervisor role, having received no formal verbal or written warnings regarding his performance, conduct, or attendance prior to his protected activity. On or about November 7, 2023, Plaintiff provided medical documentation of his condition and resulting limitations to Aaron Strong, Human Resources Partner for Defendant Rising Phoenix Holdings Corporation (Exhibit C). By providing notice to an authorized HR representative who managed personnel actions for both entities, the Corporate Defendants TB Customer Relations, LLC and Defendant Rising Phoenix Holdings Corporation, were placed on notice of Plaintiff's protected status as a qualified individual with a disability.

46. Plaintiff's Disability and Defendant TB Customer Relations, LLC., and Defendant Brooke Fisher, knowledge on November 7, 2023 that Plaintiff is a qualified individual with a disability,

specifically a visual-impairment condition resulting from Computer Vision Syndrome, which substantially limits his major life activity of working with computers.

47. Additionally, Defendant Brooke Fisher became aware of Plaintiff's ADA disability status and accommodation request through discussions with Ms. Traci Thompson of Defendant TB Customer Relations, LLC., and Mr. Aaron Strong of Defendant Rising Phoenix Holdings Corporation, on November 7, 2023. During management daily status meetings, where Plaintiff's visual impairment and accommodation were discussed.

48. From November 16, 2023, that point forward, Plaintiff believed, Defendant Brooke Fisher's conduct toward Plaintiff reflected discrimination not only based on race, but also on his disability, including hostility toward his use of technology and Defendant Brooke Fisher dismissive tone related to Plaintiff's accommodation needs.

49. Protected Activity #1: The ADA Accommodation Request. On or about November 7, 2023, Plaintiff submitted a formal, written request for an accommodation to Aaron Strong, Human Resources Partner for Defendant Rising Phoenix Holdings Corporation. The requested accommodation was —to utilize the Microsoft Teams mobile application to conduct virtual meetings and monitor agents—would have allowed Plaintiff to lessen eyestrain and maintain full productivity.

50. ADA Discrimination: Denial of Accommodation. On November 16, 2023, Defendant TB Customer Relations, LLC., denied the request via email, stating: "we are unable to provide this as a reasonable accommodation." and "Since this is not a medically approved accommodation, you may speak with your supervisor about using Teams". Defendants failed to engage in any further good-faith interactive process, constituting a refusal to accommodate in violation of the ADA.

51. The Essential Functions of the Job. Plaintiff was able to perform the essential functions of his position, including the management of agents, regulatory compliance, and use of company systems (MS Teams, NICE CXone, dedicated email, and company-issued laptop). The requested accommodation—to utilize the Microsoft Teams mobile application on a mobile phone—was specifically designed to allow him to maintain full productivity while mitigating the limitations of his visual-impairment condition.

52. Protected Activity #2: First Discrimination Complaint. Following the denial in Paragraph 50, Plaintiff engaged in protected activity on or about November 21, 2023, by submitting a written disability and race discrimination complaint directly to their supervisor, Defendant Brooke Fisher. Plaintiff an African American Man, alleging Defendant Brooke Fisher has a problem working with African American Men.

9

53. Protected Activity #3: Second Discrimination Complaint. Plaintiff engaged in a third, subsequent protected activity on November 30, 2023. He submitted a formal complaint via email to Defendant TB Customer Relations, LLC., Vice President Bill Barcelona and Manager Traci Thompson and Defendant Brooke Fisher alleging both disability discrimination and race discrimination/harassment, specifically citing, "My discrimination complaint against Ms. Fisher revolves around her discriminatory treatment towards me, particularly concerning several protected classes as evidenced by the disparate treatment when compared to Supervisors Genierose Piho and Daphne Henion."

54. Adverse Action: Indefinite Suspension and Policy Violation. Less than one day after Plaintiff's final protected activity on November 30, 2023, Plaintiff was summarily placed on an indefinite suspension on December 1, 2023, by Defendant Melissa Burke and Defendant Rising Phoenix Holdings Corporation. Defendant Melissa Burke and Defendant Rising Phoenix Holdings Corporation failed to provide any reason for the suspension, either verbally or in writing. No documentation supporting the suspension was created or placed in Plaintiff's personnel file (Exhibit F), and the action was taken without any prior progressive discipline (e.g., verbal or written warnings, or placement on a PIP), resulting in a clear violation of the mandatory steps required by the Employee Handbook Performance and Discipline policy (Exhibit I).

55. Adverse Action: Demotion and Stripping of Authority. Following the indefinite suspension, on December 1, 2023, Defendant Melissa Burke and Defendant Rising Phoenix Holdings Corporation, formally demoted Plaintiff on December 8, 2023, from his position as Supervisor to Contact Center Agent (Exhibit E). This action constituted a materially adverse change to the terms and conditions of his employment. Plaintiff was stripped of all supervisory responsibilities, including his authority to manage agents, approve timecards via NICE CXone, and access essential supervisory systems. This fundamental change in role and title resulted in a tangible loss of professional authority, supervisory experience, and future career opportunities. The demotion was formally authorized by Defendant Melissa Burke in a reinstatement email (Exhibit G)

56. Adverse Action: Systemic Exclusion Upon Reinstatement. Despite being formally reinstated by Defendant Melissa Burke. Defendant Melissa Burke and Defendant TB Customer Relations, LLC., and Defendant Rising Phoenix Holdings Corporation, refused Plaintiff's access to essential employee systems, Microsoft Teams, NICE CXone, company email account, including his supervisor credentials for his company-issued laptop.

57. Adverse Action: Forced Use of Personal Devices. Plaintiff was specifically directed by Defendant Melissa Burke and Defendant Rising Phoenix Holdings Corporation to use his personal mobile phone, personal email account, and personal laptop to communicate and continue performing his job duties after reinstatement. This forced use of personal equipment

was a substantial impediment to Plaintiff's ability to perform the job and constituted a hostile term and condition of employment.

58. Adverse Action: Forced Use of Personal Devices. After Plaintiff was reinstated on or about December 8, 2023 (Exhibit G), Defendant Melissa Burke specifically directed Plaintiff to use his personal mobile phone, personal email account, and personal laptop to communicate and continue performing his job duties. This deliberate directive stripped Plaintiff of the dedicated, secure equipment and systems provided to non African American supervisors Ms. Piho and Ms. Henion and forced the use of his personal assets for company business, constituting a continuing materially adverse action in retaliation for his protected activity.

59. But-For Causation and Evidence of Pretext. The pattern of severe disciplinary and retaliatory actions (suspension, demotion, and systemic denial of work tools) began immediately following Plaintiff's serial protected activities on November 7, 2023, November 21, 2023, and, most proximately, November 30, 2023. This close temporal proximity, coupled with the systemic efforts to undermine Plaintiff's work upon reinstatement (Paragraphs 56 - 57), demonstrates that these adverse actions would not have occurred but for Plaintiff's status as a disabled individual and his repeated complaints of disability and race discrimination.

60. Chronology of Adverse Actions. Plaintiff's suspension on December 1, 2023, occurred 1 day after his 2nd complaint of race and disability discrimination on November 30, 2023. His demotion on December 9, 2023, occurred 8 days after his suspension. The systemic denial of access to work tools (Paragraphs 56 - 57) began immediately upon his formal reinstatement on December 8, 2023;

- **November 7, 2023:** ADA Accommodation Request (Basis for ADA Discrimination)
- **November 21, 2023:** First Retaliation Complaint (Protected Activity)
- **November 30, 2023:** Second/Subsequent Retaliation Complaint (Reinforced Protected Activity)
- **December 1, 2023:** Suspension (Adverse Action)
- **December 9, 2023:** Demotion/Reinstatement (Adverse Action)
- **Post-December 9, 2023:** System Denial/Forced Personal Devices (Continued Adverse Action)

61. Documentation Requirements. Under Defendants' own internal guidelines, specifically the Employee Performance and Discipline policy (Exhibit I), disciplinary actions such as demotion must be documented and preserved. This policy explicitly states, "[*The employee will be provided copies of all progressive discipline documentation, including all PIPs. The employee will be asked to sign copies of this documentation attesting to his or her receipt and understanding of the corrective action outlined in these documents. Copies of these documents will be placed in the employee's official personnel file.*]" Furthermore, as a U.S. Government Contractor, Defendant TB Customer Relations, LLC. were subject to regulatory and contractual

11

requirements mandating the accurate record-keeping of personnel actions, particularly those related to performance and employment discrimination complaints.

62. Missing Investigation Records. Defendant Melissa Burke referenced an internal investigation and supporting records concerning Plaintiff's performance and complaints in her December 8, 2023, reinstatement email (Exhibit G). These investigation records, including the findings and conclusions, are absent from Plaintiff's personnel file (Exhibit F) and have never been provided to Plaintiff despite multiple written requests to Defendant Rising Phoenix Holdings Corporation, Defendant TB Customer Relations, LLC., Defendant Melissa Burke and their Attorney Ms. Amanda Jones, Cades Schutte LLP.

## A. Reference to Exhibits

63. Plaintiff's factual allegations reference and rely upon several specific documents. Attached to this Complaint are **Exhibit A** (EEOC Right-to-Sue Notice, January 30, 2025), **Exhibit C** (Request for ADA Accommodation, November 7, 2023), **Exhibit E** (Defendant's Organizational Chart, December 2023), **Exhibit J** (Brooke Fisher Time Card Email, November 20, 2023) and and **Exhibit K** (Plaintiff's Declaration).

64. The remaining documents—**Exhibit B** (Offer Letter), **Exhibit D** (Complaints), **Exhibit F** (Personnel File), **Exhibit G** (Suspension Lifted Email), **Exhibit H** (Notice to Court), **Exhibit I** (Employee Handbook) —are incorporated by reference but are not physically attached hereto and will be produced by Plaintiff during the course of discovery.

## 6. CAUSES OF ACTION

65. COUNT I – DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

*(42 U.S.C. § 12112(a)) – Against Defendant Rising Phoenix Holdings Corporation* and *Defendant TB Customer Relations, LLC*

66. Incorporation of Preceding Allegations. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 66 of this Complaint as though fully set forth herein.

67. A. Statutory Basis and Exhaustion

This claim is brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), which prohibits covered employers from discriminating against a qualified individual on the

basis of disability. The claim was administratively exhausted as described in the Exhaustion of Administrative Remedies section above.

68. B. Qualified Status and ADA Accommodation Request

At all relevant times, Plaintiff was a qualified individual with the disability of Computer Vision Syndrome, which substantially limits the major life activity of working on computer screens.

On November 7, 2023, Plaintiff submitted a written request for reasonable ADA accommodation—to use the Microsoft Teams mobile application on a mobile phone—to Human Resources Partner Aaron Strong of Defendant TB Customer Relations, LLC (see Exhibit C).

69. C. Denial and Adverse Action

The requested accommodation was denied on November 16, 2023, by Defendants Rising Phoenix Holdings Corporation and TB Customer Relations, LLC without engaging in any interactive process or exploring alternative ADA accommodations.

The denial of the reasonable accommodation, followed by the demotion of Plaintiff from Supervisor to Agent, constituted an adverse employment action that violated the ADA by preventing Plaintiff from performing his duties without incurring substantial visual strain.

70. D. Causation

The denial and demotion occurred despite Plaintiff's ability to perform the essential functions of his position and shortly after his supervisory qualifications had been verified by the employer. The timing and circumstances demonstrate that Defendants' actions were motivated by Plaintiff's disability and his request for ADA accommodation.

On December 1 2023, Project Manager Brooke Fisher—who had received Plaintiff's ADA accommodation request—recommended his suspension. On December 8 2023, Defendants Melissa Burke and Brooke Fisher jointly recommended and approved Plaintiff's demotion. Their actions were ratified by corporate HR with full knowledge of Plaintiff's protected activities.

71. E. Damages

As a direct and proximate result of Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC., demotion of Plaintiff because of his disability, Plaintiff has suffered lost wages and employment benefits, emotional distress, and damage to his professional reputation.

72. F. Legal Conclusion

Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC. demotion of Plaintiff because of his disability constitutes disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a).

73. G. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment in Plaintiff's favor against Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC., on this Count;

b. Award compensatory damages, back pay, and front pay;

c. Award costs, interest, and attorney's fees as permitted by law; and

d. Grant such other relief as the Court deems just and proper.

74. COUNT II – RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

(42 U.S.C. § 12203(a)) (Against Defendant TB Customer Relations, LLC)

75. Incorporation of Preceding Allegations. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 75 of this Complaint as though fully set forth herein.

76. A. Statutory Basis and Exhaustion

This claim is brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203(a), which prohibits employers from retaliating against an employee for engaging in protected activity under the Act, including requesting a reasonable accommodation or opposing disability-based discrimination.

This claim was administratively exhausted as described in the Exhaustion of Administrative Remedies section above.

77. B. Protected Activity

On November 7, 2023, Plaintiff engaged in protected activity under the ADA by submitting a written request for a reasonable accommodation—to use the Microsoft Teams mobile application

on a mobile phone—to Human Resources Partner Aaron Strong of Defendant TB Customer Relations, LLC (Exhibit C).

78. C. Employer Awareness and Adverse Actions

Less than one day after Plaintiff's final protected activity on November 30, 2023, Plaintiff was summarily placed on an indefinite suspension on December 1, 2023, by Defendant Melissa Burke (Paragraph 54).

During the suspension, Plaintiff was formally demoted from Supervisor to Contact Center Agent, an action authorized by Defendant TB Customer Relations, LLC and Defendant Melissa Burke (Paragraph 55).

Following the demotion, Defendant TB Customer Relations, LLC and Defendant Melissa Burke continued the adverse action by refusing Plaintiff access to essential employee systems, NICE CXone, company email account, including his supervisor credentials for his company-issued laptop, including his Supervisor MS Teams account and the General Chat, despite his written requests for assistance (Paragraph 56).

79. D. Causation and Pretext

The suspension on December 1, 2023, and demotion on December 8, 2023, occurred in close temporal proximity—within approximately one to twenty-four days—of Plaintiff's protected activities on November 7, 21, and 30, 2023.

On December 1 2023, Project Manager Brooke Fisher—who had received Plaintiff's ADA request—recommended his suspension. On December 8 2023, Defendants Melissa Burke and Brooke Fisher jointly recommended and approved Plaintiff's demotion. Their actions were ratified by corporate HR with full knowledge of Plaintiff's protected activities.

This close timing supports a strong inference that Defendant TB Customer Relations, LLC., actions were motivated by retaliation for Plaintiff's accommodation request and discrimination complaints. a. Defendant TB Customer Relations, LLC., took the disciplinary action without providing any reason, documentation, or following the required progressive discipline steps (Paragraph 33). b. Similarly situated supervisors outside the protected class (Piho and Henion) with documented misconduct were treated more favorably by receiving promotions and salary increases (Paragraph 43). c. The investigation records and disciplinary documentation were absent from Plaintiff's personnel file, in violation of mandatory company policy (Paragraph 62).

80. E. Damages

As a direct and proximate result of Defendant TB Customer Relations, LLC., retaliation, Plaintiff has suffered lost wages, emotional distress, and loss of professional opportunity.

81. F. Legal Conclusion

Defendant TB Customer Relations, LLC., conduct constitutes retaliation in violation of the ADA, 42 U.S.C. § 12203(a).

82. G. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment in Plaintiff's favor against Defendant TB Customer Relations, LLC., on this Count;

b. Award compensatory and punitive damages, back pay, and front pay;

c. Award costs, interest, and attorney's fees as permitted by law; and

d. Grant such other relief as the Court deems just and proper.

83. COUNT III – RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

(42 U.S.C. § 2000e-3(a)) (Against Defendants Rising Phoenix Holdings Corporation and TB Customer Relations, LLC)

84. Incorporation of Preceding Allegations. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 84 of this Complaint as though fully set forth herein.

85. A. Statutory Basis and Exhaustion

This claim is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), which prohibits employers from retaliating against employees for opposing race discrimination. This claim is fully administratively exhausted.

86. B. Protected Activity

Plaintiff engaged in protected activity by submitting internal written complaints opposing what he believed to be race discrimination and a hostile work environment: a. On November 21, 2023, Plaintiff submitted a complaint alleging Defendant Brooke Fisher's conduct toward him reflected bias against African American men. b. On November 30, 2023, Plaintiff submitted a second complaint reiterating his concerns and documenting ongoing discriminatory race and disability conduct and hostility (Paragraph 54).

16

87. C. Employer Awareness and Adverse Action

Less than one day after Plaintiff's final protected activity (November 30, 2023), Plaintiff was summarily placed on indefinite suspension on December 1, 2023, by Defendants Rising Phoenix Holdings Corporation and TB Customer Relations, LLC. Plaintiff was subsequently demoted from Supervisor to Contact Center Agent, an adverse employment action implemented by Defendant Melissa Burke that stripped Plaintiff of all supervisory duties, authority, and professional standing (Paragraph 26).

88. D. Causation and Pretext

On December 1 2023, Project Manager Brooke Fisher—who had received Plaintiff's ADA request—recommended his suspension. On December 8 2023, Defendants Melissa Burke and Brooke Fisher jointly recommended and approved Plaintiff's demotion. Their actions were ratified by corporate HR with full knowledge of Plaintiff's protected activities.

The adverse action occurred in immediate temporal proximity to the race discrimination complaints, supporting a retaliatory motive. This motive is further supported by the following facts: a. Supervisors Piho and Henion (non-Black comparators) engaged in similar or more serious conduct but were promoted and given salary increases (Paragraph 43). b. Plaintiff was disciplined and demoted without any reason given, prior written warning, or progressive discipline (Paragraph 33). c. The documents required to legitimize the demotion, including investigation records and disciplinary reports, are absent from Plaintiff's personnel file in violation of company policy (Paragraph 61).

89. E. Damages

As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered lost wages and benefits, emotional distress, and loss of future earning capacity.

F. Legal Conclusion

Defendants' conduct constitutes retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a).

G. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment in Plaintiff's favor against Defendants Rising Phoenix Holdings Corporation and TB Customer Relations, LLC on this Count;

b. Award compensatory and punitive damages, back pay, and front pay;

c. Award costs, interest, and attorney's fees as permitted by law; and

d. Grant such other relief as the Court deems just and proper.

90. COUNT IV – RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

(Against Defendants Rising Phoenix Holdings Corporation, Defendants TB Customer Relations, LLC, Defendant Melissa Burke, and Defendant Brooke Fisher)

91. Incorporation of Preceding Allegations. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 91 of this Complaint as though fully set forth herein.

92. A. Statutory Basis

This claim is brought under 42 U.S.C. § 1981, which prohibits race discrimination in the making and enforcement of contracts, including retaliatory adverse actions taken against an individual for opposing race-based discrimination.

93. B. Protected Activity

Plaintiff engaged in protected activity by opposing race discrimination through written complaints submitted on November 21, 2023, and November 30, 2023 (Paragraph 52).

94. C. Employer and Individual Awareness and Adverse Actions

Within one day of the final protected complaint, Plaintiff was placed on indefinite suspension and subsequently demoted (Paragraphs 55) by Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC.

The following Individual Defendants were personally involved in the retaliatory conduct: a. Defendant Brooke Fisher: She was aware of the disability and race discrimination complaint and demonstrated hostility toward Plaintiff's protected activity, including the ADA request. She exercised authority over the disciplinary process and was the decision-maker who acknowledged the misconduct of the promoted comparators, while approving Plaintiff's demotion. (Paragraphs 35). b. Defendant Melissa Burke: She personally implemented the demotion, and subsequently refused to correct the denial of essential system access after reinstatement, thereby maintaining the adverse employment conditions (Paragraph 56).

95. D. Causation and Pretext

On December 1 2023, Project Manager Brooke Fisher—who had received Plaintiff's ADA request—recommended his suspension. On December 8 2023, Defendants Melissa Burke and

Brooke Fisher jointly recommended and approved Plaintiff's demotion. Their actions were ratified by corporate HR with full knowledge of Plaintiff's protected activities.

Plaintiff's protected activity regarding disability and race discrimination was the but-for cause of the adverse employment actions. a. The demotion and suspension followed the complaints in immediate temporal proximity (within one day). b. Non-Black supervisors with documented performance issues were promoted, while Plaintiff was disciplined, demonstrating severe disparate treatment based on disability and race (Paragraph 43). c. Defendants violated their own policy by failing to provide documentation for the demotion, demonstrating a lack of legitimate basis for the adverse action (Paragraph 61).

96. E. Damages

As a direct and proximate result of Defendants' retaliation, Plaintiff has suffered lost wages and benefits, severe emotional distress, and diminished future earning capacity.

97. F. Legal Conclusion

Defendant Rising Phoenix Holdings Corporation and Defendant TB Customer Relations, LLC., actions, including those of the individual Defendant Brooke Fisher and Defendant Melissa Burke who directly participated in the adverse decisions, constitute intentional race discrimination in violation of 42 U.S.C. § 1981.

98. G. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment in Plaintiff's favor against Defendants Rising Phoenix Holdings Corporation, Defendants TB Customer Relations, LLC, Defendant Melissa Burke, and Defendant Brooke Fisher on this Count;

b. Award compensatory and punitive damages, back pay, and front pay;

c. Award costs, interest, and attorney's fees as permitted by law; and

d. Grant such other relief as the Court deems just and proper.


**CONCLUSION**

99. Plaintiff respectfully submits that this Second Amended Complaint alleges sufficient,

non-conclusory facts to state plausible claims for ADA Discrimination, ADA Retaliation, Title VII Retaliation, and 42 U.S.C. § 1981 Retaliation against the named Defendants.

Specifically, the Complaint establishes causation by referencing mandatory investigation records and disciplinary documentation that are required by Defendants' own policy (Exhibit I) and regulatory duties as a U.S. Government Contractor, yet remain absent from Plaintiff's personnel file (Exhibit F).

100. No record identifies any other individual or individuals who possessed or exercised authority to alter Plaintiff's employment status during this period, and no written documentation exists explaining who approved or directed the demotion.

101. Plaintiff therefore respectfully submits that any Motion to Dismiss filed by Defendants must address the missing investigation records and explain why these mandatory documents—referenced by Defendants Rising Phoenix Holdings Corporation and Defendant Melissa Burke in her December 8, 2023 reinstatement email (Exhibit G)—are unavailable or were withheld, as the absence of this documentation directly supports the inference that the adverse employment actions were retaliatory.

**Leave to Amend**

102. Plaintiff respectfully requests leave to amend this Complaint if necessary to conform to the evidence, clarify factual allegations, or respond to any arguments raised by Defendants in a motion to dismiss. Consistent with Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend should be freely given when justice so requires, particularly where relevant facts remain within Defendants' exclusive control.

Respectfully submitted,

Wilfred L. Lee Jr.
Pro Se
P.O Box 394
Jonesboro, GA 30237
leewilfred2011@gmail.com

20