IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILFRED L. LEE, JR., <br><br> Plaintiff, <br><br> vs. <br><br> RISING PHOENIX HOLDINGS CORP., *et al.*, <br><br> Defendants. | Case No. 25-cv-00083-DKW-RT <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT**[1] |

On February 17, 2026, the Court granted the motion to dismiss filed by Defendants Rising Phoenix Holdings Corporation, TB Customer Relations LLC, Brooke Fisher, and Melissa Burke ("Defendants"). Dkt. No. 84. On March 5, 2026, *pro se* Plaintiff Wilfred L. Lee filed a motion for reconsideration, Dkt. No. 86, which is now before the Court. For the reasons described herein, the motion for reconsideration is DENIED.

**FACTUAL & PROCEDURAL BACKGROUND**

On February 17, 2026, the Court entered an order granting Defendants' motion to dismiss and dismissing Lee's Second Amended Complaint ("SAC") with prejudice. Dkt. No. 84. As relevant here, the Court concluded that Lee failed to

---

[1] Pursuant to Local Rul 7.1(c), the Court finds these matters suitable for disposition without a hearing.

state a retaliation claim under the ADA.  Dkt. No. 84 at 10–14.  Lee had based his ADA retaliation claim on a comparison of himself to Genierose Piho and Daphne Henion, non-disabled employees whom he alleged had not been disciplined or terminated despite engaging in behavior similar to himself.  Dkt. No. 68 ¶ 38.  The Court found this comparison unpersuasive because Piho and Henion were not similarly situated.  In particular, the Court noted that Lee's SAC had omitted allegations from his First Amended Complaint ("FAC") in which he stated that he had been disciplined for both time record discrepancies *and* complaints from subordinate agents, whereas Piho and Henion had only engaged in time discrepancies.  Dkt. No. 84 at 12–14.  The Clerk entered Judgment.  Dkt. No. 85.

On March 5, 2026, Lee filed a motion for reconsideration, asserting that the Court erred in dismissing his ADA retaliation claim.  Dkt. No. 86.  Lee argued that 1) the Court's reliance on allegations from the FAC was a manifest error of law; 2) the FAC allegations were contradicted by allegations within Lee's own pleadings and therefore should be disregarded; 3) the Court improperly included "comparator alignment" as an element of an ADA retaliation claim; and 4) Lee's allegations establish that Defendants failed to adhere to disciplinary standards outlined in an employee handbook, which sufficiently shows that the reasons given for his suspension and demotion were pretextual.  *Id*. at 4–8.

On March 16, 2026, Defendants responded in opposition to the motion for reconsideration, arguing that Lee had failed to demonstrate any error of law or fact. Dkt. No. 88.  On March 22, 2026, Lee replied, substantially repeating his arguments for reconsideration.  Dkt. No. 89.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits a litigant to file a reconsideration "motion to alter or amend a judgment" within 28 days after entry of the judgment.  A "motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision" and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996) (citation omitted). Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations and internal quotation marks omitted). As such, it is generally only appropriate:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  Each one of these "four reasons . . . is a 'high hurdle' that should not occur 'absent highly unusual

- 3 -

circumstances.'" *Chang v. Straub Clinic & Hosp., Inc.*, 2014 WL 712613, at *1 (D. Haw. Feb. 21, 2014) (quoting *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001)).

Reconsideration cannot be used "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," *Kona*, 229 F.3d at 890, and "[m]ere disagreement with a previous ruling is not a sufficient basis for reconsideration." *McAllister v. Adecco Grp. N.A.*, 2018 WL 6682984, at *2 (D. Haw. Dec. 19, 2018). The decision of whether to grant reconsideration is ultimately "committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## DISCUSSION

Even when liberally construed,[2] Lee's motion provides no basis for reconsideration.

First, Lee takes issue with the Court having cited to facts appearing within the FAC, rather than relying solely on his SAC allegations, arguing that the Court did so by incorrectly relying on *Jackson v. Loews Hotels, Inc.*, 2019 WL 6721637 (C.D. Cal. July 24, 2019). Dkt. No. 86 at 5–6. The Court indeed cited to *Jackson* for the proposition that it could look to facts omitted from the SAC in determining if Lee's

---

[2] Because Lee is *pro se*, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

claims could be dismissed, Dkt. No. 84 at 13, but Lee fails to explain why that reliance was improper.  Lee states only that, unlike in his action, the plaintiff in *Jackson* "failed to challenge the employer's reason."  Dkt. No. 86 at 5.  As Defendants point out, *Jackson* was not an employment case, and Lee's line of attack has no connection to the underlying point made by the Court: that facts omitted from a prior pleading may be treated as judicial admissions, and a party may not avoid factual statements previously pled to circumvent prior court rulings.  *See* Dkt. No. 88 at 6 n.2.  At any rate, the Court cited to several other cases to support the same legal principle, the use of which Lee does not challenge.  *See* Dkt. No. 84 at 13–14 (citing to *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224 (9th Cir. 1988) and *Huey v. Honeywell, Inc.*, 82 F.3d 327 (9th Cir. 1996)).

Lee relatedly argues that the Court could not use the omitted facts as judicial admissions because those facts contradicted the allegations in his SAC.  Dkt. No. 86 at 5–6.  However, Lee fails to establish any contradiction.  Specifically, Lee claims that two paragraphs from his SAC "do not concede[] the validity of 'agent complaints'" and instead "identify them as a proffered rationale that is unsubstantiated by the record."  *Id.* at 5.  In the first cited paragraph, Lee alleges that Defendants' company policy required that employees be given "copies of all progress discipline documentation," and that Defendants keep accurate records of "personnel actions."  Dkt. No. 68 ¶ 61.  In the second, Lee alleges that records

concerning his "performance and complaints" were absent from his personnel file and never provided to him. *Id.* ¶ 62. These allegations do not in any way refute the omitted facts from the FAC that the Court relied upon; namely, that Lee was under scrutiny for both timekeeping discrepancies *and* complaints from his agents. Dkt. No. 84 at 12–14. Given that there was no contradiction, Lee's argument fails.

Lee further asserts that the Court improperly included "comparator alignment" as an element of an ADA retaliation claim. The Court did indeed consider if the situations of Piho and Henion—employees to whom Lee had expressly compared himself—were similar to that of Lee. Dkt. No. 86 at 14. But evaluating the "surrounding circumstances" of what Lee views as retaliation is a permissible part of the plausibility analysis for the causation element of any ADA retaliation claim. *See Norton v. PHC-Elko, Inc.*, 46 F. Supp. 3d 1079, 1088 (D. Nev. 2014), *aff'd*, 673 F. App'x 714 (9th Cir. 2016) ("An employer's more favorable treatment of similarly situated employees is probative of pretext."). It was Lee's decision to compare himself to other employees—the Court merely evaluated if that comparison was valid. *See Hawaii Stevedores, Inc. v. HT&T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.").

Finally, Lee argues that there was another ground to find pretext for his demotion and suspension buried within an employee handbook, an excerpt of which

he provides with his motion.  Dkt. No. 86-3.  Lee asserts that the disciplinary proceedings against him violated the handbook, which "mandates specific investigation and documentation for grievances"—such a violation, according to Lee, demonstrates pretext.  Dkt. No. 86 at 6.  Lee fails to state what portions of the handbook his demotion and suspension contradicted, nor can the Court find any.  In fact, the excerpt Lee provides states that, notwithstanding Defendants' progressive discipline policy, "employees may be terminated without prior notice or disciplinary action."  Dkt. No. 86-3 at 4.  So, to the extent that Lee argues that the actions taken against him violated the discipline policy, the handbook itself states otherwise.

Accordingly, none of Lee's arguments demonstrate grounds for the extraordinary remedy of reconsideration.  *Kona Enters., Inc.*, 229 F.3d at 890.  His motion is therefore denied.

## CONCLUSION

For the reasons set forth herein, Lee's Motion for Reconsideration, Dkt. No. 86, is DENIED.

IT IS SO ORDERED.

DATED: May 8, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge